

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2004

# Reid v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3824

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Reid v. Vaughn" (2004). *2004 Decisions.* Paper 319.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/319

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-3824

GIOVANNI REID,

Appellant

DONALD VAUGHN, SCI GRATERFORD; THE DISTRICT ATTORNEY OF
THE COUNTY OF PHILADELPHIA; THE ATTORNEY GENERAL OF THE STATE
OF PENNSYLVANIA

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil No. 01-cv-02385
District Judge: Hon. Stewart Dalzell

Before: McKEE, ALDISERT and GREENBERG, Circuit Judges

Submitted under Third Circuit LAR 34.1(a)
September 23, 2004

(FILED September 29, 2004)

OPINION

McKee, Circuit Judge

Giovanni Reid, a state prisoner, appeals the district court's dismissal of his writ for

a petition of habeas corpus following the district court's grant of a certificate of

appealability. For the reasons set forth below, we will affirm.

Inasmuch as we are writing only for the parties who are familiar with the

background of this case, we need not repeat the factual or procedural history except to the

extent that it may be helpful to our brief discussion.

On appeal, Reid sets forth several claims of error. Except for one of those claims, each was thoroughly considered and analyzed in the district court's thoughtful Memorandum Opinion dated, August 27, 2003, and we can affirm substantially for the reasons set forth in that Memorandum Opinion.

The one issue not covered in that Memorandum Opinion is Reid's claim that the district court erred in failing to consider his claim of cumulative error based upon the combined effect of two alleged *Brady* violations. Appellant's Br. at 24-5. Reid correctly notes that, under *Kyles v. Whitley*, 514 U.S. 419 (1995), individual errors which do not alone create constitutional error can, when combined, have a cumulative effect which does rise to the level of constitutional error. *See also Cargle v. Mullin*, 317 F.3d 1196, 1206 (10th Cir. 2003) ("[a] cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless."). Thus, Reid need establish only two elements: "(1) at least two errors were committed in the course of the trial; [and] (2) considered together, along with the entire record, the multiple errors so infected the jury's deliberation that they denied [Reid] a fundamentally fair trial." *Alvarez v. Boyd*, 225 F.3d 820, 824 (7th Cir. 2000).

Reid's claim of cumulative error is based upon (1) the failure to disclose the payment of cash to a witness and (2) the prosecutor's subsequent "agitated" interaction

2

with that witness. Reid claims that, had these two items been disclosed, "defense counsel could have argued that the prosecution had such a weak case . . . that it felt compelled to pressure one witness into changing his testimony and to pay both witnesses hundreds of dollars to ensure their appearance and cooperation at the preliminary hearing." Appellant's Br. at 25.

The district court held a hearing into the disputed factual issues underlying Reid's claims and correctly resolved each of the claims on their individual merits. We can add little to the district court's thoughtful explanation of its rejection of those claims, and Reid's attempt to weave them into an enhanced claim by invoking the doctrine of cumulative error under *Kyle*s does not change the result. Thus, because we conclude that the cumulative effect of these two violations did not "so infect[] the jury's deliberation that they denied [Reid] a fundamentally fair trial," Reid is not entitled to relief under *Kyles* and the cumulative-error doctrine.

Therefore, for the reasons set forth above, we will affirm the district court's order dated August 28, 2003.